UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                   :

**SANDRA GLAVES-MORGAN,**                        :

                       **Plaintiff,**             :

                                        :    **11 CV 1248 (HB)**

          - against -                        :

                                        :    **OPINION ON MOTION**

**THE CITY OF NEW YORK, ROBERT DOAR,**    :    **TO RECONSIDER AND**
**THOMAS DEPIPPO, and JOHN and JANE DOE,**  :    **AMENDMENT OF**
                                        :    **MARCH 21, 2012**
                        **Defendants.**          :    **OPINION AND ORDER**
                                        :
------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

       In an Opinion and Order dated March 21, 2012 ("March 21 Order"), I ruled on the Defendants' motion for summary judgment, granting in part and denying in part. Defendants sought summary judgment on Plaintiff's New York Civil Service Law claims on the ground that Plaintiff failed to file a notice of claim. I denied summary judgment because Defendants' had not shown that a notice of claim was required in this instance. Defendants now move for reconsideration of the March 21 Order pursuant to Local Rule 6.3. For the reasons that follow, the Defendants' request for reconsideration is GRANTED, and, upon reconsideration, my Opinion of March 21—as supplemented by this Opinion—remains the same.

**I.    BACKGROUND**

       Plaintiff has brought claims against the City of New York and its employees pursuant to the New York State Civil Service Law, N.Y. Civ. Serv. Law §§ 75-b, 80 (McKinney). Section 75-b is the state's whistleblower statute, prohibiting retaliation for reporting wrongdoing. Section 80 sets forth procedures for demoting and reducing the salary of civil service employees. Defendants cite the New York General Municipal Law, N.Y. Gen. Mun. Law §§ 50-i, 50-e (McKinney), and argue that Plaintiff was required to file a notice of claim. Section 50-e provides the procedural mechanism for filing a notice of claim when required. Section 50-i requires notice for tort claims "for personal injury, wrongful death or damage to real or personal property

1

alleged to have been sustained by reason of the negligence or wrongful act" of the City. *Id.* § 50-i(1).

In the March 21 Order, I held that Defendants had not met their burden to show that a notice of claim was required. I noted that Plaintiff seeks both equitable relief and damages and cited *People United for Children, Inc. v. City of New York*, 108 F. Supp. 2d 275, 301 (S.D.N.Y. 2000) (holding that a notice of claim is not required "where the primary relief being sought is equitable in nature, and monetary damages are only incidental"). Defendants argue that my reliance on *People United* is misplaced because this exception to the notice of claim requirement is narrow and inapplicable here. Defendants argue that *People United* rests on distinguishable facts; the plaintiff in that case brought a declaratory judgment action whereas here Plaintiff seeks a damage award that cannot be seen as incidental to her request for equitable relief.

## II.   DISCUSSION

A motion for reconsideration under Local Rule 6.3 is appropriate only where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted); *see also Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000). The Rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *DGM Invs., Inc. v. N.Y. Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003). The purpose of this restrictive application of the Rules is, among other things, "to ensure the finality of decisions." *Wiltshire v. Williams*, No. 10 Civ. 6947, 2012 WL 899383, at *2 (Mar. 16, 2012); *see also In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (noting that reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources"). The decision of whether to grant or deny a motion for reconsideration lies within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *Citigroup Global Markets Inc. v. VCG Special Opportunities Master Fund Ltd.*, 08-CV-5520 (BSJ), 2009 U.S. Dist. LEXIS 45819, at *3 (S.D.N.Y. June 1, 2009). The standard for granting a motion for reconsideration is strict, however, a court may grant a motion for reconsideration "to correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)

(quotation marks and citation omitted); *see also U.S. Titan, Inc. v. Guangzhou Men Hua Shipping Co., Ltd.*, 182 F.R.D. 97, 100 (S.D.N.Y. 1998), *aff'd*, 241 F.3d 135 (2d. Cir. 2001) ("Local Civil Rule 6.3 provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice.").

Defendants argue that the Court relied on a narrow exception to the notice of claim requirement that is inapplicable in this case. Plaintiff does seek damages, and she restates the same requested damage award under each of her counts. Her claims brought pursuant to the Civil Service Law, however, deal with discrete issues that are but a subset of her case—the relief for which is largely equitable. The Defendants' request for reconsideration is therefore reasonable, but reconsideration does not presage a different result or change my holding that a notice of claim was not required. "[T]he applicability of [§ 50-i] is confined to tort claims for personal injury, wrongful death, or damage to property and not to torts generally." *Mills v. Cnty of Monroe*, 453 N.Y.S.2d 486, 487 (N.Y. App. Div. 1982), *aff'd*, 451 N.E.2d 456 (1983). In *Mills*, the court nonetheless found that a notice of claim was required under a more expansive law applicable to suits against counties. *See id.* ("Section 52 of the County Law requires a notice of claim to be served upon a county in any 'claim for damages arising at law or in equity' . . . ."). A notice of claim is required for a § 75-b action against school districts. *See Moore v. Middletown Enlarged City Sch. Dist.*, 871 N.Y.S.2d 211, 212 (N.Y. App. Div. 2008) (citing N.Y. Educ. Law § 3813(1) (McKinney)); *accord Smith v. N.Y.C. Dept. of Educ.*, 808 F. Supp. 2d 569, 583 (S.D.N.Y. 2011). Section 3813(1) of the Education Law requires a notice of claim for actions against schools "for any cause whatever". Similarly, a notice of claim may be required for a § 75-b action against a public utility authority. *See Roens v. New York City Transit Auth.*, 609 N.Y.S.2d 6, 7 (N.Y. App. Div. 1994) (citing N.Y. Pub. Auth. Law § 1212 (McKinney)).

Defendants have not shown—now or in their papers or at oral argument—that Plaintiff's Civil Service Law claims are torts under § 50-i or that there is a broader statutory requirement elsewhere that is applicable to suits against the City.[1] Certain of the cases cited by Defendants required a notice of claim for torts specifically or where there was a more expansive statute than

---

[1] In their memorandum in support of the motion for summary judgment, Defendants do cite one other statute. *See* Defs.' Supp. 21 (citing "NY CLS Unconsol Ch 214-A, § 20"). This statute is applies to suits against public benefit corporations. *See, e.g.*, *Feuer v. N.Y. City Health & Hosps. Corp. et al.*, 657 N.Y.S.2d 283 (N.Y. Sup. Ct. 1996).

§ 50-i. *See, e.g., Parochial Bus Sys., Inc. v. Bd. of Educ. of City of New York*, 458 N.E.2d 1241 (1983) (concerning § 3813 of the Education Law). The remaining cases are unpersuasive and are not binding on this Court. Defendants cite *Donas v. City of New York*, 878 N.Y.S.2d 360 (N.Y. App. Div. 2009), for the proposition that a notice of claim is required for a § 75-b action against the City, but *Donas* merely affirms the lower court's decision dismissing a complaint where the plaintiff failed to overcome the one-year statute of limitations of § 75-b. *Donas* cites a personal injury tort case but does not otherwise provide any reasoning for why a § 75-b action against the City falls under § 50-e notice requirements. The plaintiff in *Donas* did file a notice of claim, however, the lower court's discussion of the notice of claim was for the purpose of determining whether the § 75-b action was time barred. *See Donas v. City of New York*, No. 0100977/2006, 2008 WL 293038 (N.Y. Sup. Ct. Jan. 21, 2008). While the resolution of this claim may not be one of first impression, I cannot find any case that provides a reasoned justification for applying the notice of claim requirement for a narrow subset of torts to the Civil Service Law claims Plaintiff now brings. *Cf. Pratt v. Indian River Cent. Sch. Dist.*, 803 F. Supp. 2d 135, 146 (N.D.N.Y. 2011) ("[T]he Notice of Claim requirements set forth in N.Y. Gen. Mun. Law §§ 50-e and 50-i apply only to tort actions."); *Phaler v. Hicks*, 419 N.Y.S.2d 394, 395 (N.Y. App. Div. 1979) (holding that the notice of claim requirement under the Education Law was broader than under the County Law). Reconsideration on the issue of whether the exception under *People United* applies here would therefore have no effect on my denial of summary judgment. Further and without going into detail, suffice it to say, that policy considerations and in particular the broad sweep of the state laws under which Plaintiff asserts her rights, more expansive than the federal scheme, would likely only add to the correctness of this result.

### III.  CONCLUSION

For the foregoing reasons, Defendants' request for reconsideration is GRANTED. This Opinion and Order amends and modifies the March 21 Order to the extent set out above.

**SO ORDERED.**

April __, 2012
New York, New York

_____
**HAROLD BAER, JR.**
**United States District Judge**